JUAN SANFIORENZO ACOSTA, Plaintiff and Appellee, *v.* EL MUNDO, INC., Defendant and Appellant.

No. 12871.    Decided February 12, 1963.

*Rivera Zayas, Rivera Cestero & Rúa* for appellant. *Raúl A. Feliciano* for appellee.

PER CURIAM.

El Mundo, Inc. appealed from the judgment of July 2, 1958 of the Superior Court, San Juan Part, ordering it to pay to appellee the sum of $1,500 for damages caused to the latter by the publication of certain information in the front page of appellant's newspaper which the trial court considered false, not based on any privilege, absolute or conditioned, and libelous, as being humiliating to the person of appellee and causing an unfavorable reaction toward his person among his neighbors and customers.

The following information was published in the front page of El Mundo of August 6, 1956:

"JAILED FOR KISSING

BAYAMÓN (By Antonio Santiago). A man who kissed a young girl in her residence was charged by Judge Balbino Colón Martínez with the offense of aggravated assault and battery.

"The Police arrested Juan Sanflorencio (*sic*), aged 43, resident of the place La Cuchilla of Hato Tejas. It is alleged that Sanflorencio (*sic*) entered the residence of Miss C . . . R . . . M . . . and kissed her on the mouth while she was preparing breakfast.

"Defendant was committed to the municipal jail upon his failure to post the $500 bond fixed by Judge Colón Martínez."

The evidence showed that a reporter of that newspaper based the information in question on a report appearing at folios 141, 142, 157, and 158 of the Police Blotter of the Com-

monwealth Police of Bayamón, except that the information is erroneous, inaccurate, and untrue in the following aspects:

(1) The publication object of the complaint in this case informed that appellee entered the residence of the young lady in question and kissed her on the mouth as she was preparing breakfast, when the fact is, according to the information and the contents of the Police Blotter, that the act occurred when this girl was in the kitchen of appellee's residence.

(2) The publication further informed that appellee was committed to the municipal jail upon his failure to post the $500 bond fixed by Judge Colón Martínez, when the fact is that appellee was charged with aggravated assault and battery, a bond was fixed at $500, was left under the custody of a police officer while he procured the bond, and later, the same day, he posted the bond.

The record shows that evidence was introduced to the effect that appellee's business waned during the months following the publication in question. The trial court estimated the damages at $500. The trial court further concluded that appellee suffered moral damages as a result of the humiliation caused by appellant's false publication and by the unfavorable reaction toward his person on the part of his neighbors and customers of the place where his business is established, estimating those damages at $1,000. The court held that "in publishing an information which was contrary to that appearing in the Police Blotter, defendant acted outside the field of privileged action which it has as a public newspaper."

Five errors are assigned which are summed up as follows:

(1) that the information was true in its fundamental and essential part;

(2) that it was conditionally privileged;

(3) that if appellee sustained damages it was due to the fact that he was prosecuted and not to the publicaction of the news;

(4) that the untrue information that appellee was committed to jail for failure to post bond was a harmless and trivial part of the information, since a person's inability to post bond for lack of funds or for some other reason is not injurious or offensive; and

(5) the information was published without malicious or perverse purpose or intention against plaintiff and in the discharge of the duty to keep the community informed.

▇▇▇▇ The information published does not constitute, in our judgment, libel per se, since the imputation to an individual of kissing a woman does not constitute by itself the imputation of a public offense. In this case the reference to the commission of an offense arises from the publication of the fact that a judge had charged appellee with the offense of aggravated assault and battery. The publication as to the filing of such information and fixing of bond is not libelous, since the evidence showed that it is a just and true report of a judicial proceeding—which consisted of the cause for aggravated assault and battery prosecuted against the appellant which gave rise to his accusation, bond, and trial before the competent court and which resulted in his acquittal— and, therefore, it is privileged under the provisions of § 4 of the Act of February 19, 1902—32 L.P.R.A. § § 3144-45.[1]

▇▇▇ The errors pointed out by the trial court which were committed in publishing a report from the contents of the Police Blotter in the sense that appellee was arrested, was committed to jail upon his failure to post bond, and

---

[1] Section 4.

"A publication or communication shall not be held or deemed malicious when made in any legislative or judicial proceeding or in any other proceeding authorized by law. A publication or communication shall not be presumed to be malicious when made:

"First: In the proper discharge of an official duty.

"Second: In a fair and true report of a judicial, legislative, official or other proceeding, or of anything said in the course thereof.

"Third: To a Commonwealth official upon probable cause with the intention of serving the public interest or of securing the redress of a private wrong."

that the act was performed in the aggrieved party's house, beside being harmless, do not attach to such publication libelous character even in the case of a businessman, since they did not expose him to the public hatred or scorn nor tended to deprive him of the benefit of public confidence and social treatment. Nor did they prejudice him in his business, since the evidence showed that any prejudice to appellee's business was caused by the publication of the complete report and not of the part found to be erroneous.

Nor was a case of libel *per quod* established, since the essential elements of this modality of the libel, which are malice and the damages arising from the alleged errors of the publication, were not proved.

It is therefore unnecessary to consider the five errors assigned by appellant, since they are based on the erroneous premise that the information published is libelous, having already concluded that it is not.

For the reasons stated, the judgment appealed from will be reversed and another rendered instead dismissing the complaint in this case.

Mr. Chief Justice Negrón Fernández did not participate herein.